IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane,<br><br>Plaintiff,<br><br>v.<br><br>Byron Stirling, (Unknown) McDaniels, (Unknown) Fields, (Unknown) Watson,<br><br>Defendants. | Case No. 0:25-cv-00970-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' motion for summary judgment. [Doc. 107.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On May 21, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Defendants' summary judgment motion be granted in part and denied in part. [Doc. 123.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 12.] Defendants filed objections to the Report on June 4, 2026. [Doc. 128.] On June 10 and 26 and August 3, 2026, the Clerk docketed Plaintiff's objections to the Report, his reply to Defendants' objections, and a supplement to Plaintiff's objections. [Docs. 129; 133; 134.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

The Magistrate Judge appropriately summarized the relevant facts:

> During the incidents alleged in the Amended Complaint, Plaintiff was housed at Lee Correctional Institution and Lieber Correctional Institution. Plaintiff alleges that while housed at Lee in October 2024, Defendants McDaniels and Fields took his legal box that contained his post-conviction relief ("PCR") application and corresponding exhibits and evidence. He alleges that not having his legal materials will hinder his post-conviction proceedings.
>
> Plaintiff also alleges that on January 22, 2025[,] while housed at Lieber, Defendant Watson told the inmates on the "top rock" that Plaintiff was the reason that they were not able to come out for recreation and that they should "beat [Plaintiff's] ass." He claims that, as a result, he was later assaulted multiple times by unnamed inmates. Plaintiff alleges that he suffered several injuries as a result of the attacks, including back, neck, and knee pain; pulled muscles; and neck spasms.
>
> Following initial review, the [C]ourt construed Plaintiff's Amended Complaint as alleging claims pursuant to 42 U.S.C. § 1983 of denial of access to the court in violation of the First Amendment as to Defendants Fields and McDaniels [(the "First Amendment Claim")] and failure to protect in violation of

> the Eighth Amendment as to Defendant Watson [(the "Eighth Amendment Claim")]. No party objected to the [C]ourt's construction of claims. Plaintiff seeks monetary relief.

[Doc. 123 at 2–3 (second alteration in original) (footnote and internal record citations omitted).]

## APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id*. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id*. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is

insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id*. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

### The Report

The Magistrate Judge recommends granting the motion as to Defendant Stirling on the basis that the Amended Complaint does not allege any claims against him. [Doc. 123 at 2 n.2.] She also recommends granting the motion as to the First Amendment Claim because Plaintiff cannot demonstrate that Defendants' actions hindered any underlying claim. [*Id.* at 4–5.] However, she recommends denying the motion as to the

Eighth Amendment Claim, concluding that Plaintiff forecasted admissible evidence sufficient to create a genuine dispute of material fact and that Defendant Watson is not entitled to qualified immunity. [*Id.* at 5–10.] She also recommends that McDaniels be dismissed based on failure to timely effect service of process.[1] [*Id.* at 1 n.1, 11.]

**Defendants' Objections**

Defendants argue that the Magistrate Judge erred in recommending that their summary judgment motion be denied as to the Eighth Amendment Claim. [Doc. 128.]

In their memorandum in support of their motion, Defendants argue they are entitled to summary judgment on the claim because Plaintiff has not forecasted sufficient evidence regarding whether Watson told other inmates to assault Plaintiff and that he was the reason they were being denied outdoor recreation. [Doc. 107-1 at 8–9.] In his response, Plaintiff points to his statement and those of three other inmates, all of which are attached to his memorandum. [Doc. 111 at 4; *see id.* at 13–18.] As is relevant here, the declaration from inmate Rashad Johnson avers that Johnson saw and heard Watson make the statements in question. [*Id.* at 18.] Defendants did not file a reply.

[1] Plaintiff has not objected to the recommendations that summary judgment be granted to Stirling and that McDaniels be dismissed. [*See generally* Doc. 129.] Having reviewed the Report, the record, and the applicable law regarding these recommendations, the Court finds no clear error. Thus, the Court accepts the Report with respect to the recommendations that that summary judgment be granted to Stirling and that McDaniels be dismissed.

The Magistrate Judge concluded that Plaintiff's and Johnson's declarations[2] were sufficient to create a fact issue as to whether Watson made the statements.[3] [Doc. 123 at 7–8.] As to whether these declarations could be considered in regard to the summary judgment motion, the Magistrate Judge stated the following regarding the requirements of 28 U.S.C. § 1746[4]:

> The [C]ourt observes that neither inmate Johnson's nor Plaintiff's sworn statement is dated. However, other courts

---

[2] The Court recognizes that Plaintiff's and Johnson's statements are both titled "[a]ffidavit." [Doc. 111 at 13, 18.] However, the documents are actually declarations. *See Bunker v. McCormick*, No. CV-24-01491-PHX-DWL, 2025 WL 358979, at *3 n.4 (D. Ariz. Jan. 31, 2025) ("The primary difference between an affidavit and a declaration is the notary block an affidavit bears, but a declaration does not." (internal quotation marks omitted)).

[3] The Magistrate Judge declined to consider statements from the other two inmates, concluding that they did not satisfy the requirements of 28 U.S.C. § 1746. [Doc. 123 at 7 n.5.]

[4] That statute provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> > (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the

> have held that an undated declaration that is otherwise compliant with § 1746 is not rendered invalid if extrinsic evidence could demonstrate the period when the document was signed. See Peters v. Lincoln Elec. Co., 285 F.3d 456, 475 (6th Cir. 2002) (finding the court had "more than sufficient evidence" to demonstrate the period in which a declaration was signed). Here, Plaintiff's statement appears to have been composed and filed at the time he prepared his response in opposition to [D]efendants' motion on December 10, 2025. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Similarly, inmate Johnson's statement first appears in the record as an exhibit to Plaintiff's Amended Complaint, which was filed March 17, 2025. Id. Inmate Johnson's statement appears to have been prepared within the approximately eight-week period between the January 22, 2025 incident and the date Plaintiff filed his Amended Complaint. Accordingly, and with no reply memorandum or objection filed by [D]efendants, the [C]ourt will consider these sworn statements in making its summary judgment recommendation.

[Doc. 123 at 7 n.4.]

In their objections, Defendants argue that the Magistrate Judge erred in considering the two declarations. [Doc. 128 at 1–4.] They argue that the declarations fail to satisfy the requirements of 28 U.S.C. §§ 1746 for two reasons: first, they are undated and extrinsic evidence does not demonstrate the approximate date or period in which

---

> laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

18 U.S.C. § 1746.

they were executed; and second, neither of the declarations "state that their contents are 'true and correct.'" [*Id.* at 3.] The Court disagrees.

As to the date, Defendants concede that the Magistrate Judge properly concluded that an undated declaration is acceptable under § 1746 when extrinsic evidence can demonstrate the period in which the declaration was executed. [*Id.*] Nonetheless, Defendants argue—without any explanation—that the Magistrate Judge's determination that the standard was satisfied here "is merely surmise and/or conjecture and is erroneous as a matter of law." [*Id.*] The Court rejects this conclusory critique and adopts the reasoning of the Magistrate Judge.[5]

As for Defendants' assertion that none of the statements "state that their contents are 'true and correct,'" the Court does not understand why Defendants would assert that. Plaintiff's declaration explicitly states just above his signature that he "swear[s] that the foregoing is true [and] correct so help [him] God under penalty [and] pain of perjury pursuant to U.S.C.A. § 1746." [Doc. 111 at 15.] Johnson's declaration also states that he "declare[s] under penalty of perjury that the for[e]going is true [and] correct so help [him] God and pursuant to 1746." [*Id.* at 18.]

Defendants next argue that the Court should decline to consider these statements under Rule 37 of the Federal Rules of Civil Procedure because Plaintiff and Johnson were "undeniably never identified as potential witnesses, nor were their [statements] ever properly produced in discovery." [Doc. 128 at 3–4.] Again, Defendants are mistaken, at

---

[5] To the extent Defendants doubt that Plaintiff composed his declaration after they filed their summary judgment motion, the Court notes that the declaration references Watson's statement, which was filed as an attachment to Defendants' summary judgment motion. [Docs. 107-6; 111 at 14, 19–21.]

least as to Johnson, because Plaintiff attached Johnson's declaration to his Amended Complaint, which was filed on March 19, 2025. [Doc. 13-1 at 3.] That Plaintiff planned to rely on Johnson's testimony thus should have been no surprise to Defendants.[6]

Accordingly, the Court overrules Defendants' objections as to the Eighth Amendment Claim and denies Defendants' summary judgment motion as to that cause of action.

**Plaintiff's Objections**

In his objections, Plaintiff argues that the Magistrate Judge erred in recommending that the Court grant summary judgment as to the First Amendment Claim. [Doc. 129.] The Court has conducted a de novo review of the Report, the record, and the applicable law as to this cause of action and finds no error. Accordingly, Defendants' motion for summary judgment is granted as to the First Amendment Claim.

## CONCLUSION

In sum, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion for summary judgment [Doc. 107] is GRANTED IN PART and DENIED IN PART. The motion is granted as to Defendant Stirling and as to Plaintiff's First Amendment Claim and denied

---

[6] In their objections, Defendants argue for the first time that Plaintiff's injuries resulting from Watson's suggestion that his fellow inmates assault him were insufficiently serious to support his Eighth Amendment claim. [Doc. 128 at 6–7.] This argument comes too late. *ContraVest Inc. v. Mt. Hawley Ins.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to h[er]." (internal quotation marks omitted)). In any event, the Court notes that Plaintiff avers in his declaration that as a result of Watson's suggestion that the inmates assault Plaintiff, Plaintiff was in three separate altercations and "suffered a broken hand, a broken nose [and] bruis[]ing about the body" as well as "bad neck [and] back spasms." [Doc. 111 at 13.]

as to Plaintiff's Eighth Amendment Claim. Plaintiff's claims against McDaniels are DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 14, 2026
Columbia, South Carolina